IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHELLE W., Individually; <br> JANE DOE(S) and <br> JOHN DOE(S) SIMILARLY SITUATED, <br> And JANE DOE(S) AND JOHN DOE(S), <br> FOSTER CHILDREN, <br><br> Plaintiffs, <br><br> v. <br><br> DAN H. MICHAEL, <br> JUDGE/ADMINISTRATOR, <br> Individually and as Administrative Officer of <br> Memphis and Shelby County Juvenile Court <br> (MSCJC); <br> SHELBY COUNTY COMMISSION, <br> SHELBY COUNTY, TENNESSEE, <br><br> Defendants. | Case No. 2:22-cv-02496-JPM-tmp |

**ORDER GRANTING DEFENDANTS' SUPPLEMENTAL MOTION FOR SANCTIONS**

Before the Court is Defendants' Supplemental Motion for Sanctions (ECF No. 13) and Memorandum in Support (ECF No. 13-1), filed August 17, 2022. Plaintiffs filed a Response to Defendants' Supplemental Motion for Sanctions on August 31, 2022. (ECF No. 15.) Defendants' Motion is **GRANTED**.

**I.    BACKGROUND**

This case originated in Shelby County Circuit Court, where Plaintiffs filed their complaint on July 15, 2022. (ECF No. 1-1.) This case was removed to federal court by Defendants on August 5, 2022. (ECF No. 1.) On that same date, Defendants moved to dismiss

this case as frivolous and requested that the Court impose sanctions on Plaintiffs.  (ECF No. 2.)  Plaintiffs voluntarily dismissed the case on August 15, 2022 (ECF No. 9), and an Order of Dismissal was entered on August 16, 2022.  (ECF No. 10.)  Defendants then made a Supplemental Motion for Sanctions on August 17, 2022.  (ECF No. 13.)  Plaintiffs filed a Response on August 31, 2022, asking the Court not to impose sanctions.  (ECF No. 15.)

Defendants request that the Court sanction "Plaintiff[s] and/or [their] counsel" with penalties including but not limited to attorneys' fees and costs. (ECF No. 13-1 at PageID 71.)  Defendants specifically seek sanctions against Plaintiffs' attorney William Ray Glasgow.[1]  Defendants estimate that they are owed $12,000 in attorneys' fees, and request the fee of $402 associated with the removal of this case to federal court.  (ECF No. 14 at PageID 75.)  Defendants support their request in this amount with the declarations of three attorneys who consider this demand appropriate, as well as a timesheet documenting defense counsel's hours worked.  (See generally ECF No. 14.)  Plaintiffs contend that this lawsuit was brought "in good faith and with good cause to address an important issue," and that sanctions are therefore inappropriate.  (ECF No. 15-1 at PageID 96.)

## II.    LEGAL STANDARD

28 U.S.C. § 1927 ("Section 1927") permits an award of excess costs, expenses, and attorneys' fees where "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.  Section 1927 "applies to attorneys, not the parties they represent." Davis v. Detroit Downtown Dev. Auth., 782 F. App'x 455, 457 (6th Cir. 2019).  "[S]imple inadvertence

---

[1] Plaintiffs' Counsel refers only to William Ray Glasgow for the purposes of this Order. Terrell Tooten also appeared for Plaintiffs.  However, "Defendants do not seek sanctions against Mr. Tooten as he does not appear to have been . . . involved in the case."  (ECF No. 13-1 at PageID 71.)

or negligence that frustrates the trial judge will not support a sanction under [S]ection 1927." In re Ruben, 825 F.2d 977, 984 (6th Cir. 1987). In order to impose Section 1927 sanctions, a court "require[s] a showing of something less than subjective bad faith, but something more than negligence or incompetence." Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006).

### III.   ANALYSIS

Defendants assert that this lawsuit was brought in bad faith. Plaintiffs' counsel William Ray Glasgow was running against Defendant Judge Dan Michael in the Shelby County Juvenile Court election when this suit was filed. (ECF No. 13-1 at PageID 66.) Defendants describe the lawsuit as frivolous, and point to "numerous, severe ways in which the Complaint was defective." (Id. at PageID 66.) Defendants also assert that Plaintiffs' counsel previously filed a suit against Defendant Judge Dan Michael, other judges, and the Juvenile Court "on the eve of an election" in Shelby County Chancery Court in 2014. (Id. at PageID 65); see also Tanyawa Sallie, et al. v. Juvenile Court of Memphis, et al., Shelby County Chancery Court No. CH-14-1044-1. Most seriously, the "text of the lawsuit" was posted on the "campaign Facebook page" for Defendants' counsel. (ECF No. 13-1 at PageID 65.)

Plaintiffs' counsel asserts that the lawsuit was filed "in good faith and with good cause to address an important issue." (ECF No. 15-1 at PageID 96.) In support of this argument, Plaintiffs' counsel filed with the Court the "response provided by Plaintiff[s'] counsel to the Board of Professional Responsibility regarding this matter." (Id.) In that document, Plaintiffs' counsel asserts that he intended to move forward "aggressively" in pursuing this suit if Defendant Judge Dan Michael won re-election. (ECF No. 15-2 at PageID 98.) He also writes that he had always planned to "voluntarily dismiss" the matter if "Judge [Tarik] Sugarmon" was

3

elected, which he was. (Id. at PageID 98.)  Plaintiffs' counsel argues that he "could have" filed this suit "much earlier," but filed it immediately prior to the election to avoid making it "an issue in the campaign." (Id.)  He acknowledges that the first paragraph of the suit was posted on his "website" but asserts that it was "promptly deleted" and that "[w]hether it was seen by anyone is not known." (Id. At PageID 99.)

The suit was plainly frivolous.  Defendant Judge Dan Michael was entitled to judicial immunity. DePiero v. City of Macedonia, 180 F.3d 770, 783 (6th Cir. 1999) ("Judges are generally absolutely immune from civil suits for money damages, including [42 U.S.C.] § 1983 suits"); see also Burnham v. Friedland, No. 21-3888, 2022 WL 3046966 (6th Cir. Aug. 2, 2022) (Holding that when a complaint against a judge "does not even attempt to circumvent judicial immunity, it is wholly implausible and devoid of merit").  Plaintiff Michelle W. did not possess standing for many of her claims, but rather "assert[ed] claims on behalf of others, attempting to show [that] Defendants violated the undisclosed constitutional rights of other people with whom [she had] no identifiable connection."  Gifford v. United States, No. 18-13344, 2018 WL 6728416, at *3 (E.D. Mich. Nov. 6, 2018).  The statute of limitations ran at least seven years ago in those claims for which Plaintiff Michelle W. did have standing.  See Howell v. Farris, 655 F. App'x 349, 351 (6th Cir. 2016) (noting that, for suits under Tenn. Code Ann. § 28–3–104(a) in § 1983 actions, "the applicable limitations period in Tennessee is one year"); see also (ECF No. 1-1 at PageID 11) (dating the last alleged injury in this action as January 20, 2015).

The circumstances of this suit are also problematic.  The Court need not determine if the lawsuit was brought either in "bad faith" or "for an improper purpose such as harassment" to impose Section 1927 sanctions.  Big Yank Corp. v. Liberty Mut. Fire Ins. Co., 125 F.3d 308, 313 (6th Cir. 1997).  The Court must merely find that "something more than negligence or

4

incompetence" is at play.  Red Carpet Studios, 465 F.3d at 646.  This suit was brought mere weeks before an election, and Plaintiffs' counsel brought the suit against his opponent.  (ECF No. 13-1 at PageID 66.)  Plaintiffs' counsel asserts that he brought this suit in order to ensure "due process and justice" in the juvenile courts.  (ECF No. 15-2 at PageID 99.)  Counsel was running in the election himself, presumably in pursuit of the goal of ensuring due process and justice in Juvenile Court, and he does not explain why bringing suit against his opponent mere weeks before the election was an effective means to achieving that end.  Counsel's argument that the suit was brought weeks before the election to avoid making it an issue in the campaign is also unavailing, because if this was his goal he could have filed the suit after, as opposed to before, the campaign had concluded.  The posting of the text of this lawsuit to Plaintiffs' counsel's Facebook campaign page is strong evidence that this suit was brought for an improper purpose, and takes Plaintiffs' counsel's conduct beyond "negligence or incompetence."  Red Carpet Studios, 465 F.3d at 646.

      The Court also notes that the Sixth Circuit has upheld sanctions under Section 1927 against attorneys who have filed cases that were voluntarily dismissed after a short period of time.  See, e.g., Davis v. Detroit Downtown Dev. Auth., 782 F. App'x 455, 457 (6th Cir. 2019) (Court imposed Section 1927 Sanctions when case was in court for one month before voluntary dismissal).

      However, the fact that this case was voluntarily dismissed after a short time justifies a limit on the amount of sanctions ordered.  It was filed in Shelby County Circuit Court on July 15, 2022 (ECF No. 1-1 at PageID 20), was removed to federal court on August 5, 2022 (ECF No. 1-2 at PageID 21), and voluntarily dismissed on August 15, 2022. (ECF No. 9.)  The limited period that the case was on file means that the "multiplication" of proceedings was minimal.

Davis, 782 F. App'x at 458; see also Ridder v. City of Springfield, 109 F.3d 288, 298 (6th Cir. 1997) (imposing Section 1927 sanctions in a case where plaintiff did not merely file a frivolous action but pursued it "long after" a reasonable attorney would have found the claims implausible). Section 1927's purpose is "deterrence and punishment," and its sanctions are not intended to "make a party whole." Red Carpet Studios, 465 F.3d at 647.  The Court finds that the amount of money requested as a sanction by Defendants, their full costs of litigation, "might well be out of proportion to the misconduct."  Novelty Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 78 (S.D.N.Y. 1991).  The Court will therefore award Defendants only a "nominal sanction." Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC, No. 3:10-CV-1590, 2013 WL 6180696, at *8 (N.D. Ohio Nov. 25, 2013), aff'd, 774 F.3d 1065 (6th Cir. 2014) (awarding prevailing party $1,000 where the court deemed full attorney's fees were not warranted).

Defendants' request for Section 1927 sanctions is hereby **GRANTED**. The Court awards Defendants $3,000 in attorney's fees, assessed against Plaintiffs' counsel William Ray Glasgow.  William Ray Glasgow is **ORDERED** to pay such amount within thirty (30) days.

**SO ORDERED**, this the 28th day of November, 2022.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE